

# Fourth Court of Appeals
## San Antonio, Texas

January 25, 2017

No. 04-16-00670-CR

Noe **CONTRERAS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 15-08-14189-CR
Honorable Richard C. Terrell, Judge Presiding

# O R D E R

The clerk's record was filed in this court on November 30, 2016 and includes a Plea Memorandum, reflecting that appellant Noe Contreras pled guilty to two counts of indecency with a child. The record also contains a copy of the Judgment of Conviction, wherein appellant was sentenced to fifteen years confinement in the Texas Department of Criminal Justice – Institutional Division. However, the clerk's record does not contain a copy of the trial court's certification of defendant's right of appeal as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2), (d).

A clerk's record in criminal cases must include the trial court's certification of defendant's right of appeal. TEX. R. APP. P. 34.5(a)(12). Texas Rule of Appellate Procedure 25.2(a)(2) requires the trial court to sign a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Rule 25.2(d) requires the clerk's record to include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). TEX. R. APP. P. 25.2(d). Although this certification "should be part of the record when notice is filed," it "may be added by timely amendment or supplementation under this rule or . . . by order of the appellate court under Rule 34.5(c)(2)." TEX. R. APP. P. 25.2(d); *see also* TEX. R. APP. P. 34.5(c)(2) (explaining that "[i]f the appellate court in a criminal case orders the trial court to prepare and file . . . [a] certification of the defendant's right of appeal as required by these rules, the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record"). If a certification showing the defendant has the right to appeal is not made part of the record under these rules, the appeal must be dismissed. TEX. R. APP. P. 25.2(d).

On December 29, 2016, we ordered the Jim Wells County District Clerk to prepare a supplemental clerk's record that includes a copy of the trial court's certification of defendant's right of appeal. We further ordered the Jim Wells County District Clerk to file a supplemental clerk's record containing the certification in this court on or before January 9, 2017. *See* Tex. R. App. P. 34.5(c)(1). In response, the trial court filed a letter, stating it is "directing the State and Defendant's counsel to take the appropriate actions for compliance." However, at this time, we have not received a supplemental clerk's record with a copy of the certification.

Because the clerk's record does not include the trial court's certification of defendant's right of appeal, we **ORDER** the trial court, if it has not yet signed a certification of defendant's right of appeal, to sign such a certification **on or before February 6, 2017**. We further **ORDER** the Jim Wells County District Clerk to file a supplemental clerk's record containing the signed trial court's certification of defendant's right of appeal **on or before February 14, 2017**. If a supplemental clerk's record containing the signed trial court's certification of defendant's right of appeal is not filed on or before the date ordered, this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of January, 2017.

_____
Keith E. Hottle
Clerk of Court